### DODGE v. TULLOCK.

1. PRINCIPAL AND AGENT—AUTHORITY.

   A finding that a local real-estate agent, who negotiated for the sale of land, was an agent of the nonresident owner, is justified by proof that he was paid by the owner, and that the land contract was sent to him for delivery to the purchaser.

2. SAME—RATIFICATION—FALSE REPRESENTATIONS.

   A vendor who adopts the contract of his agent must take it burdened with the responsibility for the fraudulent representations of the latter in respect to the premises sold.

3. CONTRACTS—RESCISSION—EXECUTORS AND ADMINISTRATORS.

   The rescission by the purchaser, because of false representations, of a contract for the sale of land, cannot be defeated on the ground that he failed to act with promptness, where the contract itself was void because executed by only one of several executors upon whom the power of sale was conferred, and the purchaser repudiated the contract before its adoption by the other executors.

Error to Charlevoix; Corbett, J. Submitted April 23, 1896. Decided July 31, 1896.

*Assumpsit* by Melissa P. Dodge and others, executors of the will of William E. Dodge, deceased, against Robert W. Tullock, upon a promissory note. From a judgment for defendant, plaintiffs bring error. Affirmed.

*Dart & Dart* (*B. T. Halstead*, of counsel), for appellants.

*Fred W. Mayne*, for appellee.

MONTGOMERY, J.    This is an action upon a promissory note given upon the intended purchase of 80 acres of land in the county of Charlevoix.   The estate of William E. Dodge owned three 40's of land in section 18, in town 34–7, and a contract agreeing to sell two of the 40's was given to defendant, signed by one of the executors.   The consideration price agreed upon was $1,000, upon which $500 was paid down, and the balance secured by two notes of $250 each.   The defendant entered upon one 40 of the land, and took off some of the timber, after which he discovered, as he claims, that the land which was described in the contract was not the land which he had agreed with the agent of the estate to purchase.   He thereupon offered to take a deed for one 40, and refused payment upon the note.   On the trial the defendant offered testimony showing this state of facts as a defense to a recovery on the note, claiming that a fraud was practiced upon him.   The court instructed the jury, in effect, that if it was shown that the agent of the plaintiffs was guilty of fraud in making the contract cover lands other than those which were described to and examined by the defendant, and if they further found that the defendant had taken steps to rescind the contract, and place the plaintiffs in the condition they were in before the contract, so far as lay in his power, promptly upon discovery of the fraud, and that the timber taken did not exceed in value the amount of money already paid upon the contract, plaintiffs could not recover.   The plaintiffs bring error, and assign error upon a large number of rulings, which we think it unnecessary to discuss at length.

It is contended, among other things, that there was no evidence tending to show that the party with whom the

defendant dealt was the agent of the plaintiffs. An examination of the record convinces us that there was evidence to go to the jury upon this question. There was testimony that Mr. Harsha, the agent, was paid by the estate, and that the contract was sent to him to be delivered. From these facts the jury would be justified in assuming that he was an agent of the plaintiffs. This being so, if the estate seeks to take advantage of a contract made with the agent, they must take it burdened with responsibility for his acts. *Busch* v. *Wilcox*, 82 Mich. 340 (21 Am. St. Rep. 563).

But it is contended that the defendant did not act with sufficient promptness in repudiating the contract, and that, in any event, his remedy was in equity. We need not determine whether these contentions would be sustained if the original contract was put in form which made it enforceable against the estate. It appears, however, that in the will of William E. Dodge, deceased, the three plaintiffs were made executrix and executors of his estate. The will expressly provides that "power is conferred upon the executrix and executors to sell all or any part or parts of the real estate at public or private sale for cash or upon credit, and to make, execute, and deliver conveyances," and that "all power, discretion, and authority conferred upon the executrix and executors is given to and conferred upon * * * a majority at any time of such executors and executrix." The only writing between these parties prior to the commencement of this suit was signed by but a single executor. This being so, the contract was not enforceable against the estate, and if the jury found that a fraud was committed in procuring the signature of Tullock, and that before the contract was ratified by a majority of the executors the defendant repudiated the contract, we think it would not be competent for the executors to thereafter avoid the force of this fraud, and for the first time infuse life into the contract by affirming the unauthorized action of the single exec-

utor. We think, under such circumstances, that the defense offered was admissible, and that no error was committed to the prejudice of the plaintiffs.

The judgment will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.