JOHN A. GRISWOLD, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2073. Promulgated May 18, 1944.

*Albert E. James, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

### OPINION.

DISNEY, *Judge*: This case involves gift tax for the year 1941. The Commissioner determined a deficiency of $8,324.15 because of applying the gift tax to the entire value of a gift of $125,125 instead of $59,479.82 as returned by the petitioner, who took the view that the latter figure represented the value of a life interest in the corpus of $125,125, and that only such life interest was the subject of the gift. The petitioner, by amendment to conform to proof, contends that the value of the gift of the life estate was $54,944.34 and that the petitioner has made an overpayment of gift tax. The issue is, Of what amount of the trust corpus was gift made? All facts were stipulated except certain evidence of values as determined by an actuary. We

find the facts set forth in the stipulation. The stipulation, omitting formal parts, reads as follows:

1. The petitioner is an individual, a citizen of the United States, and resides at 2917 Dumbarton Avenue, N. W., Washington, D. C.

2. The petitioner filed his gift tax return for the calendar year 1941 with the Collector of Internal Revenue for the Fourteenth District of New York on March 14, 1942. In said return, petitioner reported a gift to his mother valued at $59,479.82, computed in the following manner:

Value of trust property_____ $125,125.

125125. x .04_____ 5005.
52 Age, life tenant_____ 11.88408

Present principal gift to mother_____ 59479.82

3. On April 30, 1941, petitioner, by trust deed, transferred certain property and cash of a total value of $125,125. to three trustees, consisting of himself his brother, John Wool Griswold, and the Fifth Avenue Bank of New York, a corporation organized and existing under the laws of the State of New York. A true copy of the trust instrument is attached to the petition and is incorporated herein by reference. The trust agreement provides that the trustees shall pay the net income of the trust to petitioner's mother, Helene Robson Griswold, and it has been duly administered at all times in accordance with its terms.

4. Subsection (B) of the first paragraph of the trust instrument provides as follows:

"Upon the consent of not less than two thereof, the trustees may from time to time in their discretion pay to the said Helene Robson Griswold out of the principal of the trust such sum or sums as they may deem appropriate. In the event that the corporate trustee shall be the sole surviving trustee at any time hereunder, it may in its discretion pay to the said Helene Robson Griswold, upon her written request, a sum or sums not to exceed Five Thousand Dollars ($5,000.00) on any one request. Any payment made under the provisions of this subdivision 'B' shall be without liability or responsibility to any trustee."

5. Subsection (C) of the first paragraph of the trust instrument provides, as follows:

"Upon the death of the said Helene Robson Griswold the trust shall terminate and the remaining principal of the trust shall be paid as follows:

1. If John Augustus Griswold, Jr., shall then be living, the remaining principal of the trust shall be paid to him, but if he shall have died leaving issue who shall be living at the termination of the trust, then to his issue, per stripes.

2. If said John Augustus Griswold, Jr., shall have predeceased said Helene Robson Griswold and shall have died leaving no issue who shall be living at the termination of the trust, then the remaining principal of the trust shall be paid to John Wool Griswold, brother of the Settlor, or if he shall have predeceased the said Helene Robson Griswold, then to his issue who shall be living at the termination of the trust, per stirpes. If, however, the said John Wool Griswold shall have predeceased the said Helene Robson Griswold leaving no issue who shall be living at the termination of the trust, then the remaining principal of the trust shall be paid to such person or persons, in such shares and in such manner as the said John Augustus Griswold, Jr. shall by his last will and testament, duly executed and probated. have directed and appointed, or, if the said John Augustus Griswold, Jr. shall have died

intestate, then to such person or persons as would be his next of kin had he died intestate, a citizen of the United States and a resident of the State of New York, as of the date of termination of this trust."

6. The date of birth of Helene Robson Griswold was August 1, 1886, and on April 30, 1941, she was aged fifty-four years, eight months and twenty-nine days. The date of birth of John Wool Griswold was August 28, 1910 and on April 30, 1941, he was aged thirty years, eight months and two days. The date of birth of petitioner was April 20, 1912 and on April 30, 1941, he was aged twenty-nine years and ten days.

6. [sic] No distribution from the corpus of said trust was made to Helene Robson Griswold, pursuant to the provisions of the trust instrument, during 1941.

The gift in trust was irrevocable. It also provided that "The Trustees may act with respect to any matter or thing connected with the trust or administration thereof by a majority of the Trustees"; also, that in case of resignation of the corporate trustee, the settlor or surviving individual trustee was required to appoint another, and that in case of death of John Wool Griswold, trustee, a successor should be appointed by petitioner and Helene Robson Griswold.

We further find from the evidence as follows: That leaving out of consideration subsection (b) of the first paragraph of the trust instrument (providing for payments in the discretion of the trustees or trustee to Helene Robson Griswold) and any other contingencies, the various interests involved had value as follows: The life estate of Helene Robson Griswold, $54.944.34; the value of the contingent remainder to John Wool Griswold, payable on the death of Helene Robson Griswold during his lifetime, John A. Griswold, Jr., having predeceased her, $7,008.25; the value of the reversionary interest in the corpus resting in John A. Griswold, Jr., upon the death of Helene Robson Griswold, he surviving her, $59.450.64; the value of the reversion to the estate of John A. Griswold, Jr., upon the death of Helene Robson Griswold, it being assumed that both her sons, John Wool Griswold and John A. Griswold, Jr., predeceased her, $3,721.77. No other contingencies were considered in calculating the above values.

The petitioner filed a gift tax return for the said year 1941 in which he reported a gift to his brother of $51,124.26. not here material in respect of this proceeding, except as to the tax thereon as a part of the total of the tax on all gifts, and reported a value of $59,479.82 for the life estate of his mother in the said trust fund, or total gifts of $110,604.08. He deducted an exclusion of $4,000 on account of the gift to his brother and an exemption of $40,000, and returned and paid the gift tax thereby shown to be due on the return, including defense tax, in the amount of $4,118.81, said payment being made on or about February 24, 1942. Notice of deficiency was given on March 24, 1943, and the petition herein was filed on June 10, 1943.

The Commissioner determined that the entire amount of $125,125, the value of the corpus of the trust, was subject to inclusion in petitioner's gift tax return. The petitioner therefore has the burden of showing error in that regard. To what extent, if any, shall the amount of the gift be considered as less than the amount of the trust corpus?

The petitioner contends that the value of the contingent remainder of John Wool Griswold, valued at $7,008.25 is not a taxable gift; also, that the same is true as to the reversionary interest of the estate of the petitioner, valued at $3,721.77; without, however, taking into consideration in either case the possible transfer of all or a part of the corpus to the life tenant, or that the petitioner might have issue. Obviously, such possibilities make the contingent interests impossible of valuation and logically permit no deduction from full value of the corpus, even if the petitioner otherwise so relinquished "economic control" as to complete the gift. *Robinette* v. *Helvering*, 318 U. S. 184; *Commissioner* v. *Marshall*, 125 Fed. (2d) 943. Whether the petitioner as settlor so completed the gift, we therefore next consider. It was conceded in *Smith* v. *Shaughnessy*, 318 U. S. 176, and in *Commissioner* v. *Marshall*, *supra*, and apparently assumed in *Robinette* v. *Helvering*, *supra*, that the reversionary interest reserved by the settlor (here valued at $59,450.64) after the life estate, is not as such taxable. Here, however, such reversion to the settlor is subject to a contingency as fully as was the case in *Robinette* v. *Helvering*, for there the contingency which caused taxation of the estate reserved to the settlor was that the daughter might marry and have children reaching 21 years of age, whereas here the settlor's receiving the reversion depends upon whether it, or some part of it, has or has not been paid to the life tenant by the trustees, as provided. Therefore, as a mere deduction from full value of the gift, the reservation to the petitioner as settlor may not be allowed, and we inquire whether in fact he made a gift of the full value of the corpus.

The respondent contends and the petitioner denies that the entire value of the trust corpus is includible in the gift because the trustees have the power in their discretion to deliver to the petitioner's mother, the owner of the life estate, any or all of the trust principal. This, the respondent contends, puts the control and dominion of the entire corpus entirely beyond the petitioner and completes the gift. The respondent points out that this discretion may be exercised by the trustees "Upon the consent of not less than two thereof," and that in case the corporate trustee shall be the sole surviving trustee it alone might direct the entire trust corpus to the life tenant, provided only that it be not more than $5,000 on any one request from her. Though the respondent does not advert to it, section second of the trust agree-

ment provides: "The Trustees may act with respect to any matter or thing connected with the trust or the administration thereof by a majority of the Trustees * * *." There were three trustees, one of whom was the petitioner. To this idea the petitioner answers that under section seventh of the trust agreement it shall be construed and regulated by the laws of New York; that the law of that state is that when discretion is vested in trustees, the concurrence of all is necessary; that the donor was one of the trustees, and that therefore the donor did not surrender control so as to subject any more than the life estate to gift tax. He apparently takes the view that in fact the settlor as one of the trustees kept control of the situation and could prevent distribution of corpus to his mother, the life tenant. *Howard Phipps*, 47 B. T. A. 357, is cited as authority that discretion required action of all trustees. That case cites *In re Johnson's Will*, 123 Misc. 834; 207 N. Y. S. 66; and *In re Campbell's Estate*, 13 N. Y. S. (2d) 773; affd., 26 N. Y. S. (2d) 491. The cases do not bear out the contention made by the petitioner, for such cases do not cover a situation where, as here, the trust instrument itself provides that the discretion may be exercised upon the consent of not less than two of the trustees, and further provides that the trustees may act with respect to any matter or thing connected with the trust or the administration thereof by a majority of the trustees. Where a majority is by the instrument given power to act, consent by only a majority is necessary. *Dodge* v. *Tullock*, 68 N. W. 239. Since there were to be three trustees, and two might act, it is apparent that it was the intention of the donor not to require unanimous action of the trustees in the exercise of discretion. Moreover, the power of a surviving corporate trustee to distribute to Helene Robson Griswold the entire corpus, provided only that not more than $5,000 be distributed on any one request, demonstrates that the entire matter, in such case, was out of the hands of the donor. We can not interpret the trust instrument, in the face of such provisions, as intending to retain to the settlor the control for which the petitioner argues. The petitioner himself was never intended to be the sole trustee, since under paragraph fifth he was required, in case of the resignation of the corporate trustee, to name a successor. Moreover, in the case of the death of John Wool Griswold, a successor to him as trustee was required to be appointed by Helene Robson Griswold and John A. Griswold, Jr., or the survivor thereof. However, even if there were a possibility that the petitioner, as one of two trustees, might prevent the distribution of corpus to his mother, such a possibility is a contingency beyond his control, and does not render the gift incomplete for tax purposes. *Robinette* v. *Helvering*, *supra*.

The petitioner also, in effect, contends that the gift was on its face only of the life estate, and not of the whole corpus, that affirmative action by the trustees in paying corpus to his mother was necessary before there could be any gift of corpus to her, that such action had not been taken, and that gift tax will arise only when such action is taken to transfer corpus to her. The contention, in our opinion, may not be sustained. The transfer is one in trust, irrevocable, for certain purposes named. One of these is the discretionary distribution of any or all of the corpus to the person receiving the income for her lifetime. Under such facts, we think the settlor, under the principles laid down in the *Robinette*, *Smith* v. *Shaughnessy*, and *Marshall* cases, *supra*, lost all "economic control" and economic benefits, rendering the entire value of the corpus subject to gift tax. The settlor retained only a mere possibility that, if the trustees did not dispose of the corpus to the mother, he might to that extent again have an interest by way of reversion. *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642; *Herzog* v. *Commissioner*, 116 Fed. (2d) 591. Petitioner attempts to distinguish these two cases, but, in our opinion, without success; for both there and herein the trustor could receive trust property or income "only by virtue of the trustee's direction" in the matter of transfer or no transfer, in this case, to the life tenant. We think the principle is the same in both situations, and that such economic control had been surrendered to trustees here that the gift tax was properly laid upon the entire value of trust corpus.

*Decision will be entered for the respondent.*