BARBARA M. LOCKARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 7921.   Promulgated November 14, 1946.

*James D. Dow, Esq.*, for the petitioner.
*J. T. Haslam, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: Initially, the controversy here is whether for gift tax purposes the transfers in trust in 1938 and 1939 were completed gifts, in view of the fact that the income of the trust for the years 1938 to 1941, inclusive, has been taxed to the petitioner as grantor under section 22 (a) of the Internal Revenue Code and the rule of *Helvering* v. *Clifford*, 309 U. S. 331. Petitioner contends that they were not. However, since the instant case was submitted and the briefs were filed, this Court has passed upon an almost identical question in *James A. Hogle*, 7 T. C. 986. We there said:

* * * It does not follow as a matter of course that, because income of a trust is taxable to the grantor, the transfer in trust is incomplete as to that income for gift tax purposes and that a gift tax liability arises when, as the income is earned, it is allowed to remain in the trust. The two taxes are not that closely integrated. * * *

And we there held that transfers in trust in 1922 and 1932 were completed gifts, notwithstanding that some of the trust income had subsequently been taxed to the grantor under the *Clifford* rationale. On the authority of the *Hogle* case, we must sustain the respondent as to the first issue, and we accordingly approve his determination that the 1938 and 1939 transfers had absorbed $22,595.95 of petitioner's $40,000 specific exemption, leaving $17,404.05 available for use in the taxable year.

The final question concerns the valuation to be placed upon petitioner's gift of December 31, 1941, that is the gift, from and after March 31, 1944, of the trust income to her husband for his lifetime, coupled with the power given the trustee to pay to her husband from the corpus not in excess of $3,000 in any calendar year, as the trustee in his discretion might think necessary for the husband's comfortable support and maintenance. Respondent has valued the gift at $99,459.37, representing the value of the right to receive $3,000 a year after March 30, 1944, from principal, plus interest on the diminishing fund.

Petitioner contends that only the value of the life income should be subjected to the tax; that the Commissioner's method of valuation is unrealistic because it treats as an absolute certainty the invasion of corpus to the extent of $3,000 a year, whereas the corpus may never be invaded; that if and when invasion becomes necessary, gifts will then be complete and subject to the tax in the years distributed.

Petitioner's argument, without doubt, is an impressive one and has a strong practical appeal. Nevertheless, we think that decision of the instant issue is controlled by the principles enunciated by the Supreme Court in *Robinette* v. *Helvering*, 318 U. S. 184, and *Smith* v. *Shaughnessy*, 318 U. S. 176, which require us to sustain the respondent.

In the *Smith* case the Court said that the "essence of a gift by trust is the abandonment of control over the property put in trust." Here the petitioner, by her transfer in trust, abandoned all control over and irrevocably committed the corpus, to the extent of $3,000 a year, to invasion for the benefit of her husband, if the need therefor should arise. Whether or not the corpus to that extent would be so used and, consequently, whether or not any of the portion so committed would ever be returned to her, were dependent entirely upon "contingencies beyond [her] control." *Robinette* v. *Helvering, supra;* cf. *Commissioner* v. *Marshall*, 125 Fed. (2d) 943. If in each year after the transfer became effective the circumstances of the husband should be such as to require the distribution to him of $3,000 of the principal and the trustee should determine to make such distributions, petitioner would be powerless to prevent it.

A problem in many respects similar to that under consideration here was present and decided in *John A. Griswold, Jr.*, 3 T. C. 909.

There the donor had established a trust, the income of which was payable to his mother for life. The trustees, however, were authorized in their discretion to pay the life beneficiary from time to time out of the principal "such sum or sums as they may deem appropriate." There the taxpayer, as does the petitioner here, contended that the gift was on its face only of the life estate and that, as to corpus, gift tax would arise only when the trustees should exercise their discretion to make distributions therefrom to the life tenant. This Court there said:

> * * * The contention, in our opinion, may not be sustained. The transfer is one in trust, irrevocable, for certain purposes named. One of these is the discretionary distribution of any or all of the corpus to the person receiving the income for her lifetime. Under such facts, we think the settlor, under the principles laid down in the *Robinette, Smith* v. *Shaugnessy,* and *Marshall* cases, *supra,* lost all "economic control" and economic benefits, rendering the entire value of the corpus subject to gift tax. The settlor retained only a mere possibility that, if the trustees did not dispose of the corpus to the mother, he might to that exent again have an interest by way of reversion. * * *

It is true that there are some differences between that case and this, but they are of degree only. What was said in the *Griswold* case with respect to the whole corpus is equally applicable here with respect to so much of the corpus as is irrevocably committed to and subject to invasion for the husband's benefit, i. e., to the extent of $3,000 a year.

It is also true that here a standard, not present in the *Griswold* case, was provided to govern the trustee in the exercise of the power to invade principal. Whether or not under the particular circumstances of this case, considering the donee's comparative youth, the petitioner could have established with any reasonable degree of exactness what the donee's needs might be for the remainder of his life expectancy, and to what approximate extent the corpus might have to be invaded, we do not know. It may be that if that could be done and in fact had been done here, some reduction in the value determined by respondent for the whole gift could be allowed. Under the *Robinette* case, *supra,* the burden is upon one claiming a deduction from full value of the gift by virtue of what he retains to "establish the possibility of approximating what value he holds." The record before us, however, affords no basis upon which we could determine with any reasonable accuracy what amounts of corpus may actually have to be invaded for the husband's benefit in years to come.

It follows that the value determined by respondent, $99,459.37, should be included in determining petitioner's gift tax liability for 1941.

Reviewed by the Court.

*Decision will be entered for the respondent.*