Robert **WINTHROP** and Margaret S. Winthrop, Plaintiffs-Appellants,

v.

Raphael **MEISELS**, District Director of Internal Revenue, Defendant-Appellee.

No. 288, Docket 26063.

United States Court of Appeals Second Circuit.

Argued May 10, 1960.

Decided Aug. 26, 1960.

Charles C. Parlin, of Shearman & Sterling & Wright, New York City (Margaret Smith and Judith S. Leonard, of Shearman & Sterling & Wright, New York City, on the brief), for plaintiffs-appellants.

Joseph P. Altier, Asst. U. S. Atty., S. D. N. Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Joseph M. Field, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, MOORE, and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

In this action plaintiffs sought a refund of federal income taxes for the year 1954 on the ground that a deduction claimed in their joint tax return for a charitable contribution allegedly made in that year was improperly denied. Upon cross-motions for summary judgment the court below dismissed the complaint, holding that no charitable gift had been made in 1954. D.C.S.D.N.Y., 180 F. Supp. 29. This appeal followed.

In 1952, plaintiff Robert Winthrop created an irrevocable *inter vivos* trust, under the terms of which the income for the first twenty years would go to charitable organizations or for charitable purposes described in § 23(*o*) of the Internal Revenue Code of 1939, as this section would from time to time exist. Plaintiff reserved until December 31, 1967, the power to designate the charitable recipients of 90% of the net income for the years prior to 1968, as well as the proportions in which they should participate. The recipients of the remaining income were to be determined by a "Distribution Committee," of which plaintiff was not a member. The income after the expiration of 20 years and the principal of the trust fund were to be distributed among certain male members of the Winthrop family.

Prior to 1954, plaintiff released the power to designate recipients of 90% of the income for the years prior to 1957, and such action is not here in issue. The power to designate recipients of the income for the year 1957 was relinquished by plaintiff on December 20, 1954. It is asserted that this action entitled plaintiff to a charitable deduction in 1954 of $19,532.76, which was the then present value of the 1957 income. The District Director, however, maintains that, since the income was irrevocably dedicated to charitable purposes in 1952, the gift was completed in that year, even though the specific recipients had not been designated.

Since for present purposes § 23(*o*) of the Internal Revenue Code of 1939 and § 170 of the 1954 Code are the same, the only issue is whether the charitable deduction arose in 1952 or in 1954. Section 170(c) defines a charitable contribution as "a contribution or gift to or for the use of— * * * (2) A corporation, trust, or community chest, fund, or foundation— * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *." The parties assume that the creation of the trust was not a gift *to* a trust operated exclusively for

charitable purposes, since only the income was so dedicated. See Rev.Rul. 57–562, 1957–2 Cum.Bull. 159, modifying GCM 3016, VII–I Cum.Bull. 90 (1928). The dispute is as to whether there was a completed gift in 1952 *for the use of* "a corporation, trust," etc., in view of the fact that the plaintiff reserved the power to designate the specific charitable recipients.

In H. H. Bowman, 1929, 16 B.T.A. 1157, the taxpayer made a gift to a trust for the benefit of a class of charities, with the specific beneficiaries to be selected by a committee comprised of the taxpayer, his family, and the trustee. Although both income and principal were dedicated to charitable uses, the Revenue Act of 1921 was not construed to permit a deduction for a gift *to* a trust. The Board of Tax Appeals, however, allowed deductions for 1921 and 1922 under § 214(a) (11) of the 1921 Act as a gift "for the use of * * * any corporation, or community chest, fund, or foundation, organized and operated exclusively" for charitable purposes. The Bowman decision was followed by the Tax Court in Danz v. C. I. R., 18 T.C. 454, affirmed on other grounds *sub nom.* John Danz Charitable Trust v. C. I. R., 9 Cir., 231 F.2d 673, certiorari denied 352 U.S. 828, 77 S.Ct. 43, 1 L.Ed.2d 50. There the trust was actively engaged in business and thus was not organized and operated exclusively for charitable purposes. But the Tax Court allowed deductions for contributions to the trust, even though the settlors reserved the right to allocate corpus and income among charitable organizations as defined by the Internal Revenue Code. The court's conclusion that the contributions "were made to a valid irrevocable trust for the use of charities of the kind described in Section 23(o) and are deductible" is equally applicable here. 18 T.C. 454, 464. We see no reason to depart from this line of authority. See also U. S. Treas. Reg. § 1.170–1(d, e) (1958); Rev.Rul. 194, 1953–2 Cum.Bull. 128; I.T. 3707, 1945 Cum.Bull. 114.

Plaintiff relies upon Porter v. C. I. R., 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880, and Estate of Sanford v. C. I. R., 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, which held under the federal estate tax and the federal gift tax respectively that a transfer in trust with a reserved power in the donor to control the disposition of the property among a class excluding himself was not a completed gift. It is urged that these rulings should be likewise applied for income tax purposes in order to achieve "basic consistency" in general principles of tax law, since the problem of determining when a transfer in trust is completed is common to all three areas of taxation. But as the Court itself noted in Estate of Sanford v. C. I. R., supra, 308 U.S. 39, 48, 60 S.Ct. 51, 58, there is no necessary correlation between the income and the gift or estate tax laws. To the same effect is Lockard v. C. I. R., 1 Cir., 166 F.2d 409, 412, where Judge Magruder rejected a contention similar to that here advanced in the following words: "it seems that for the most part any correlation that may exist between the three taxes is 'purely coincidental.' * * * This suggested mode of treatment may be appropriate and reasonable; the only trouble with it is that it is not sanctioned by the statutory scheme. As we have already pointed out, the income tax and gift tax each has its own independent criteria of taxability." The necessity of such independence is also illustrated by the Sanford case, where the Court rested decision in part upon the fact that the secondary liability of a donee for the gift tax cannot be imposed upon contingent beneficiaries. This rationale of course has no force in determining the date of a deduction for income tax purposes. Further, there appears to be no authority under either gift or estate tax law as to the effect of a retained power to allocate among a class of charitable beneficiaries. Indeed the question would seem largely an academic one in view of the deductions for charitable contributions provided by I.R.C.1954, §§ 2055, 2106(a) (2), 2522.

In contrast to plaintiff's analogy of the gift and estate tax, defendant relies upon subpart E of Chapter 1, subchapter J, of the Income Tax statute, I.R.C.1954, §§ 671–678, which provides for taxing to the grantor the income of a trust over which he has retained substantial dominion and control. This subpart re-enacted §§ 166, 167 of the 1939 Code and codified the Clifford Regulations, U. S. Treas. Reg. 118, § 39.22(a)–21, which had followed the Supreme Court's decision in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. See 1954 U. S. Code Cong. and Adm. News 4350–51, 5005. By virtue of the specific exemption in the case of charitable beneficiaries, I.R.C.1954, § 674(b) (4), the plaintiff is not treated as the owner of the trust. From this it is urged that he is not entitled to any deduction with respect to the excluded income because of the provisions of I.R.C.1954, § 671:

> "Where it is specified in this subpart that the grantor or another person shalll be treated as the owner of any portion of a trust, there shall then be included in computing the taxable income and credits of the grantor or the other person those items of income, deductions, and credits against tax of the trust which are attributable to that portion of the trust to the extent that such items would be taken into account under this chapter in computing taxable income or credits against the tax of an individual. Any remaining portion of the trust shall be subject to subparts A through D. * * * "

Plaintiff replies that this provision applies only where the grantor or another is treated as the owner and does not by implication limit the deductions to which a donor who is not a grantor-owner is entitled under I.R.C.1954, § 170. While agreeing that the language of I.R.C.1954, § 671 does not compel the interpretation urged by defendant, we are of the opinion that this provision furnishes a more compelling analogy than does plaintiff's reference to decisions construing the gift and estate tax sections. We see no reason why a grantor who irrevocably dedicates the income of a trust to charitable purposes should not be entitled to an immediate deduction. Certainly the Congressional purpose of encouraging such gifts has been achieved, even though the specific beneficiaries have not yet been determined. And where the Congress has desired to require the designation of a beneficiary to make a statutory exception applicable, it has specifically so provided. See I.R.C.1954, § 673(b).

Plaintiff seeks not only to utilize the "double deduction" whereby he is entitled in computing his gross income both to exclude the income of the trust and to deduct the present value of such income,[1] but also to increase the amount of the deduction by waiting until its discounted value has been enhanced by the approach of maturity and to remain within the 20% limitation now found in I.R.C.1954, § 170(b) (1) (B). Plaintiff asserts that he could have achieved the same tax advantages here sought by postponing the transfer of a portion of the assets to the trust from 1952 to 1954. But the income realized from such assets in 1952 and 1953 would have been included in the plaintiff's gross income, so that he would have lost the advantage of the "double deduction" even had he made an independent gift of the income to charity in those years.

The judgment is affirmed.

1. See, e. g., Lowndes, Tax Advantages of Charitable Gifts, 46 Va.L.Rev. 394, 414 (1960).