ESTATE OF JOSEPH G. GOKEY, DECEASED, MILDRED A. GOKEY, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; MILDRED A. GOKEY, TRANSFEREE AND TRUSTEE OF THE JOSEPH G. GOKEY REVOCABLE TRUST (CREATED JANUARY 3, 1967) and THE FIRST NATIONAL BANK OF CHICAGO, TRANSFEREE AND TRUSTEE OF THE JOSEPH G. GOKEY REVOCABLE TRUST (CREATED JANUARY 3, 1967), Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Gokey v. Commissioner
Docket Nos. 607-74, 5698-74.
United States Tax Court
T.C. Memo 1984-665; 1984 Tax Ct. Memo LEXIS 10; 49 T.C.M. (CCH) 367; T.C.M. (RIA) 84665; December 26, 1984. John H. Thompson,E. Robert Gordon and Charles H. Wiggins, Jr., for the petitioners. Paul G. Topolka, for the respondent. WILES SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: The Court of Appeals for the Seventh Circuit remanded this case for us to determine the fair market value of two remainder interests which are includable in decedent's gross estate. We were not directed to hold a further hearing and the record contains sufficient facts from which we can determine the fair market value of the remainder interests. We therefore find the facts to be as set forth in the Findings of Fact in our opinion filed in Estate of Gokey v. Commissioner,72 T.C. 721 (1979). However, because the fair market value of the remainder interests *11 is a factual question, it is necessary to make additional findings of fact from the record presented at the original trial herein. FINDINGS OF FACT During the period from January through October 1969, decedent and Mrs. Gokey made expenditures totaling $76,000. During the 1970 calendar year Mrs. Gokey made expenditures totaling in excess of $100,000. Mrs. Gokey received $1,443,374.43 in benefits directly or indirectly from decedent's estate. OPINION The sole issue for decision is the fair market value of the remainder interests of a trust for the benefit of Mrs. Gokey. Under the terms of the trust agreement Mrs. Gokey had a life estate in the net income of the trust and the corporate trustee had the power to invade income or principal "if it deems such use necessary for [Mrs. Gokey's] care, comfort, support or welfare." The Seventh Circuit affirmed our holding that the remainder interests for the benefit of Gretchen and Patrick Gokey must be included in decedent's gross estate, but it reversed our holding in favor of respondent as to the value of those remainder interests. Respondent valued the remainder interests pursuant to section 20.2031-7, Estate Tax Regs. *12 The Seventh Circuit found this to be in error because the table used failed to account for the corporate trustee's power to invade principal for the benefit of Mrs. Gokey. As the Circuit Court stated, "Because the trust agreement expressly conveys to the corporate trustee (First National) discretion to invade principal, the expected value of the remainder interests must reflect the probability that First National may exercise this right during Mildred Gokey's lifetime." Gokey v. Commissioner,735 F. 2d 1367 (7th Cir. 1984). Since section 20.2031-7, Estate Tax Regs., does not account for the corporate trustee's power to invade and was therefore held to be inapplicable, the general standard of a fair market value provided in section 20.2031-1(b), Estate Tax Regs., must be used. Section 20.2031-1(b), Estate Tax Regs., provides that the fair market value of the gross estate is determined by reference to "the price at which the property would change hands between a willing buyer *13 and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of the relevant facts." Because the remainder interests will not be enjoyed until after Mrs. Gokey's life estate, the fair market value must reflect the actual present value of the remainder interest on the alternate valuation date. Moreover, in making our fair market value determination the Circuit Court directed that we not reduce the present value of the remainder interests by virtue of the inalienability clause because, although the remaindermen may not sell their interests, neither may the interests be seized by creditors, and these limitations offset each other for purposes of the present value determination. Valuation of any asset is an inherently imprecise process, but life estates coupled with a power to invade have been valued in the past. Newton Trust Co. v. Commissioner,160 F. 2d 175, 178-179 (1st Cir. 1947); Lockard v. Commissioner,7 T.C. 1151, 1154-1155 (1946), affd. 166 F. 2d 409 (1st Cir. 1948). Generally, the *14 proper method of analysis is to determine whether the power of invasion is subject to an ascertainable standard, and if so, to determine the remoteness of invasion, or the extent of possible invasion under the standard. Newton Trust Co. v. Commissioner,supra at 178-179. Stated another way, where an ascertainable standard exists, the petitioner must establish with reasonable certainty the needs of the owner of the life estate for the rest of her life and the extent to which corpus might be invaded under the standard. Lockard v. Commissioner,supra at 1155. Petitioner has presented evidence that decedent and Mrs. Gokey spent more than $76,000 for the period from January through October 1969, and that Mrs. Gokey spent more than $100,000 during calendar year 1970. We also have evidence that Mrs. Gokey received a total of $1,443,374.43 from decedent's estate. In our original opinion we found that the corporate trustee's power of invasion is limited by an ascertainable standard relating to Mrs. Gokey's accustomed standard of living, and on appeal, the Seventh Circuit affirmed this conclusion. Accordingly, we must evaluate the *15 extent to which corpus may be invaded to maintain Mrs. Gokey in her accustomed standard of living. The trust instrument does not require the corporate trustee to look at any of Mrs. Gokey's other assets before invading corpus, and under Illinois law the trustee is not compelled to do so, but we find that Mrs. Gokey's receipt of $1,443,374.43 from petitioner's estate makes it less likely that the trustee would need to invade corpus to maintain her standard of living. However, because the trustee was not required to look to Mrs. Gokey's other assets and therefore could invade corpus at anytime that it became necessary to provide additional income to maintain Mrs. Gokey's standard of living, a knowledgeable buyer would be likely to substantially discount the present value of the remainder interests. Acknowledging the inherent uncertainty in any valuation case, and using our best judgment within the confines of the Seventh Circuit's directives, we find that the fair market value of each remainder interest on the alternative valuation date was $16,360. To reflect the foregoing, Decisions will be entered under Rule 155.