RACHEL H. INGALLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 148–62. Filed July 29, 1963.

*Frank W. Rogers, Jr.*, for the petitioner.
*Conley G. Wilkerson*, for the respondent.

## OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's gift tax for the year 1958 in the amount of $10,237.50. A question of the valuation of stock raised by the pleadings has been disposed of by the parties by stipulation, leaving for our decision the following issues:

---

(1) Is petitioner entitled to deduct in computing her gift tax for 1958 all or any portion of her $30,000 specific gift tax exemption, even though this entire exemption was claimed on her gift tax return for 1957 reporting one-half of her husband's gifts made prior to his death on November 23, 1957, where, as a result of respondent's examination of the estate tax return of her husband's estate, a sufficient portion of his gifts in 1957 was held to be includable in his estate as made in contemplation of death to result in one-half of the remaining gift, less the allowable individual exclusions, being less than $30,000?

(2) If an interpretation of the gift tax provisions of the Internal Revenue Code of 1954 results in a denial to petitioner of the right to a deduction of any portion of her specific $30,000 gift tax exemption in the computation of her 1958 gift tax, is the result the taxation of an amount, both as an *inter vivos* gift and a testamentary disposition, in such a manner as to constitute double taxation, which would deprive petitioner of property without due process of law, in contravention of the Fifth Amendment to the Constitution of the United States?

All of the facts have been stipulated and are found accordingly.

Petitioner, an individual residing in Hot Springs, Va., filed her gift tax return for the calendar year 1958 with the district director of internal revenue at Richmond, Va.

On August 28, 1957, petitioner's husband, Fay Ingalls, made cash gifts of $150,000 consisting of gifts of $25,000 to each of his 4 children and $5,000 to each of his 10 grandchildren. Fay Ingalls died on November 23, 1957.

Pursuant to the provisions of section 2513 of the Internal Revenue Code of 1954,[1] petitioner and the Estate of Fay Ingalls, Deceased, consented on their timely filed Federal gift tax returns for the year 1957 to have the gifts made by each to third parties during the year 1957 considered as having been made one-half by each of them.

In her gift tax return for 1957 petitioner reported total gifts of $75,000, being one-half of the gifts made by her husband which were considered as made by her and claimed exclusions therefrom totaling $37,000 (4 at $3,000 and 10 at $2,500) and the specific exemption of $30,000 leaving taxable gifts for the year of $8,000 on which she paid a tax of $270.

Respondent determined a deficiency in estate tax in the Estate of Fay Ingalls as a result of determining, in an examination of his return, that $75,000 of the total gifts of $150,000 made by Fay Ingalls on August 28, 1957, were made in contemplation of death and includable in his gross estate. The deficiency so determined was assessed and a credit against estate tax was allowed for the gift tax paid with respect to the portion of the gifts which were included in the gross estate.

---

[1] All references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.

On October 3, 1958, petitioner made gifts in trust for the benefit of her four children of stock of D. H. Holmes Co. and Virginia Hot Springs Co., Inc., which gifts were reported in her timely filed gift tax return for the year 1958. In her gift tax return for 1958 petitioner claimed no amount of her $30,000 specific exemption but showed in that return that the entire $30,000 specific exemption had been used by her in 1957.

Respondent in his notice of deficiency increased the total amount of gifts as reported by petitioner as a result of valuing the stock which was the subject of her gifts at an amount in excess of the amount at which it had been valued by petitioner in her gift tax return. In explanation of the determination of the deficiency respondent stated that petitioner's contention "that your 1957 gift tax should be recomputed, based on transfers in the amount of $75,000.00 instead of $150,000.00, which would increase the amount of the specific exemption available for the year 1958, has been denied."

Petitioner in her petition alleged error in respondent's refusal to allow her a $30,000 specific exemption in 1958 and by amended petition added an additional assignment of error that—

Such refusal to reinstate Petitioner's exemption constitutes a violation of Petitioner's rights under Amendment V of the Constitution of the United States in that its effect is to tax the same transaction both as a completed inter vivos gift and also as a post mortem transfer.

Petitioner argues that she made no "effectual use" of her $30,000 specific exemption in 1957. Petitioner takes the position that the lack of "effectual use" of her specific exemption in 1957 is comparable to a situation where the specific exemption was claimed in a year in which no gift was in fact made. Petitioner relies on cases and a ruling of respondent which hold that claiming a deduction for a specific gift tax exemption in a year in which no valid gift was in fact made does not prohibit the use of the specific exemption in a subsequent year in which a valid gift is made. *Katherine Schuhmacher*, 8 T.C. 453, 464 (1947); *Carl J. Schmidlapp*, 43 B.T.A. 829 (1941); and Rev. Rul. 55-709, 1955-2 C.B. 609.

Respondent contends that under the facts in the instant case valid *inter vivos* gifts were made by petitioner's husband in the year 1957 in the amount of $150,000, that these gifts were subject to gift tax, and that petitioner in computing her gift tax for 1957 has used her $30,000 specific exemption. Respondent points out that section 2012 provides for a credit against estate tax of the gift tax paid with respect to property transferred by gift which is held to be includable in a decedent's gross estate for purposes of estate tax and that he has allowed this credit. Respondent in support of his position relies upon the following language with respect to gifts in contemplation of death in *United States* v. *Wells*, 283 U.S. 102, 115 (1931) :

754

The provision is not confined to gifts *causa mortis*, which are made in anticipation of impending death, are revocable, and are defeated if the donor survives the apprehended peril. *Basket* v. *Hassell*, 107 U.S. 602, 609, 610 [Footnote omitted.] The statutory description embraces gifts *inter vivos*, despite the fact that they are fully executed, are irrevocable and indefeasible. The quality which brings the transfer within the statute is indicated by the context and manifest purpose. Transfers in contemplation of death are included within the same category, for the purpose of taxation, with transfers intended to take effect at or after the death of the transferor. * * *

Respondent argues that the provision of section 2012 that an allowance of a credit for gift tax is to be made in computing estate tax where property which has been subjected to gift tax is included in a decedent's estate is a recognition of the fact that property which has vested in another by a completed *inter vivos* gift subject to gift tax may later be included in the donor's estate. It is respondent's position that there is no more inconsistency in subjecting a completed *inter vivos* gift which is later held to be includable in the donor's estate as a transfer in contemplation of death to gift tax with a credit allowed by section 2012 than there is to subjecting to gift tax gifts in trust where because of provisions of the trust instrument the income is taxable to the grantor. *Lockard* v. *Commissioner*, 166 F. 2d 409 (C.A. 1, 1948), affirming 7 T.C. 1151 (1946).

It is petitioner's position that there does not exist the same interrelationship between the income tax laws and the gift tax laws as between the estate tax laws and the gift tax laws. Petitioner in effect concedes that insofar as the vesting of property rights is concerned her husband in 1957 made completed *inter vivos* gifts of $150,000 but contends that for gift tax purposes these gifts should not be so treated to the extent of the amount that is included in her husband's estate. Petitioner has directed our attention to no provision of the Internal Revenue Laws which exempts from gift tax a completed *inter vivos* gift because such gift is made in contemplation of death. The very fact that section 2012 allows a credit for gift taxes paid on property which is included in a decedent's gross estate implies that the revenue laws contemplate that property which is the subject of *inter vivos* gifts subject to gift tax will also be includable in a decedent's gross estate for estate tax purposes. The method of computing the gift tax credit under section 2012 does not provide for the reinstatement of any portion of a deduction for a specific exemption used in connection with a gift of property which is later included in a decedent's estate. Petitioner does not contend that this section does so provide but contends that nevertheless she is entitled to a deduction for her specific exemption in 1958.

It is not clear from petitioner's argument whether it is her contention that she should be entitled to the entire $30,000 specific exemption in 1958 or only to $20,500 of that exemption. A computation is made in petitioner's brief which purports to show that she should be al-

lowed a deduction of a specific exemption of $20,500 in 1958. This computation is on the basis that using $9,500 of her specific exemption in 1957 results in no gift tax due by petitioner in that year. The underlying assumption in this computation is that the total of the gifts of petitioner's husband subject to gift tax in 1957 was $75,000 and her one-half, $37,500. This assumption is contrary to the facts since it is clear that the total gifts were $150,000. Had petitioner taken no exemption or only $9,500 exemption against her total reported gifts in 1957 of $75,000 (one-half of her husband's $150,000 of valid gifts), the gift tax credit under section 2012 allowable in computing the estate tax due by her husband's estate would have been greater, but there nevertheless would have remained a gift tax in 1957.

It is not clear from the facts in this case that petitioner's total gift taxes for the 2 years 1957 and 1958 would have been less had she taken a lesser amount, or none of her $30,000 specific exemption in computing the gift tax on her one-half of her husband's $150,000 gifts in 1957 than the total amount of the gift taxes for the 2 years computed by using the entire specific exemption in 1957. It is, of course, true that the estate tax due by her husband's estate would have been reduced by a higher credit for the gift tax she paid had she taken none or less of her specific exemption in 1957. If petitioner had no interest in the amount of estate tax paid by her husband's estate, and the record does not in fact show that she does although the inference that she does is clear, she might well prefer to leave unchanged the specific exemption as she originally claimed it. Stripped to its bare essentials petitioner's contention here is that in legal effect her husband's total gifts subject to gift tax in 1947 were only $75,000 and her one-half, $37,500, even though she seeks to disguise this argument by referring to an "ineffectual" use of her specific exemption. If, in fact, petitioner only had $37,500 of gifts in 1957, she would be correct that there would remain for her under the decision in *Katherine Schuhmacher, supra*, $20,500 of her specific exemption for use in 1958.

We see no basis for holding that the entire $150,000 given by petitioner's husband in 1957 did not constitute completed *inter vivos* gifts subject to gift tax. The statement from *United States* v. *Wells, supra*, which we have quoted and the rationale of *Lockard* v. *Commissioner, supra*, both dictate this conclusion.[2] Since petitioner has used her $30,000 specific exemption against gifts of $75,000, she has no specific exemption left to use in 1958 under the gift tax provisions of the Internal Revenue Code.

Petitioner contends that a law which taxes as a gift an amount made subject to estate tax without allowance of a credit for gift tax which fully reinstates the gift tax specific exemption is unconstitutional.

---

[2] Sec. 2513, I.R.C. 1954, provides that where both spouses have consented thereto "A gift made by one spouse to any person other than his spouse shall, for the purposes of this chapter, be considered as made one-half by him and one-half by his spouse * * *."

In her argument with respect to the unconstitutionality of what she refers to as "double taxation" petitioner relies on *Heiner* v. *Donnan*, 285 U.S. 312 (1932). That case involved the constitutionality of a provision that a gift made within 2 years prior to the donor's death should be deemed in contemplation of death. The Court in holding this provision to be unconstitutional pointed out that there is no doubt of the power of Congress to provide for including in the gross estate of a decedent for estate tax purposes the value of gifts made in contemplation of death. It was the provision making conclusive that an *inter vivos* transfer within 2 years prior to death is in contemplation of death which the Court held to be a denial of due process of law. The Court held this provision of the statute to be arbitrary.

Neither the provisions of section 2035 including in a decedent's gross estate property transferred in contemplation of death nor the provisions of section 2012 providing for a gift tax credit on estate tax contains any such arbitrary standard. The credit of gift tax against estate tax is more or less dependent upon the amount of gift tax which has been paid with respect to the property which is includable in the estate. The amount of gift tax payable with respect to such property depends not only on the amount of specific exemption which has been claimed, but also upon the amount of gifts the donor might have made in prior years which affects the rate of the gift tax. Nevertheless, the law provides for equal credit to each taxpayer who has paid an equal amount of gift tax to the extent such amount of gift tax does not exceed the estate tax applicable to the value of the property with respect to which the gift tax was paid. This type of double taxation, if it may be so termed, is not proscribed by the Fifth Amendment to the Constitution. *Smith* v. *Shaughnessy*, 318 U.S. 176 (1943). In that case the Court was considering an argument that the value of a remainder gift in trust should not be subject to gift tax since the same value of the remainder would be included in the grantor's gross estate for estate tax purposes. While *Smith* v. *Shaughnessy, supra,* did not specifically discuss the constitutionality of the provisions of law involved, it did hold that subjecting to gift tax amounts which might subsequently be subjected to estate tax is not in a legal sense double taxation. Petitioner's prime contention that the gift tax law is unconstitutional if no portion of her $30,000 specific exemption is allowed as a deduction in the determination of her 1958 gift tax is that such an interpretation of the law constitutes double taxation. We believe *Smith* v. *Shaughnessy, supra,* is sufficient answer to this argument.

We sustain respondent in his determination that petitioner is not entitled to deduct any portion of her $30,000 specific exemption in computing her gift tax for the calendar year 1958.

*Decision will be entered under Rule 50.*