**Rachel H. INGALLS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 9278.**

United States Court of Appeals Fourth Circuit.

Argued April 23, 1964.

Decided Sept. 14, 1964.

Frank W. Rogers and Frank W. Rogers, Jr., Roanoke, Va. (Woods, Rogers, Muse & Walker, Roanoke, Va., on brief), for petitioner.

William A. Friedlander, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Loring W. Post, Attorneys, Department of Justice, on brief), for respondent.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

Is taxpayer entitled to restoration of all or any part of her gift tax specific exemption used against half of $150,-000.00 of gifts made by her husband in 1957 when $75,000.00 was later determined by the Commissioner to have been made in contemplation of death? The Tax Court answered negatively. We agree.

Shortly before his death, Fay Ingalls made gifts totaling $150,000.00 to his four children and ten grandchildren. Under the provisions of Section 2513 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 2513), Rachel Ingalls (the taxpayer and surviving widow) and the Estate of Fay Ingalls filed gift tax returns for 1957 designating the gifts as having been made one-half by Fay Ingalls and one-half by Rachel Ingalls, i. e., $75,000.00 each.

After having claimed routine exclusions of $37,000.00 on her return, Mrs. Ingalls further claimed her entire lifetime specific exemption of $30,000.00, leaving taxable gifts in the amount of $8,000.00 on which she paid a tax of $270.00. Full advantage was taken of exclusions and the specific exemptions by the administrators of the estate of Fay Ingalls in filing his gift tax return for the calendar year 1957.

Upon auditing the Fay Ingalls estate tax return, the Internal Revenue Service determined that the $75,000.00 of gifts made by him were made in contemplation of death and were, therefore, includable in his gross estate. A credit against the estate tax was allowed for the gift taxes previously paid.

In 1958, Rachel Ingalls made substantial gifts of stock to her children. A gift tax deficiency having been determined to exist for 1958, Mrs. Ingalls protested the assessment of the deficiency and claimed:

(1) that the eventual inclusion in her husband's estate of the $75,000.00 in gifts attributed to him in 1957 had resulted in her having "ineffectively" used her $30,000.00 specific exemption in that year and that her 1957 gift tax return should be recomputed so as to restore to her a portion of her specific exemption for application to her 1958 gift tax return;

(2) that a refusal to reinstate the exemption was violative of her rights under the Fifth Amendment to the Constitution of the United States in that it would effect a taxation of the same transaction both as a completed inter vivos gift and as a post mortem transfer.

Taxpayer's argument comes to this: since all of the $75,000.00 portion of the gift claimed by Mr. Ingalls' estate on the 1957 gift tax return was included within the value of his gross estate, the $75,-000.00 that Mrs. Ingalls showed on *her* 1957 gift tax return as having been made by her should *now* be treated as a gift equally divisible between her and her husband's estate, i. e., $37,500.00 each. Since the actual gift has been cut in half, the exclusions plus the entire specific exemption claimed on her 1957 gift tax return in the total amount of $67,-000.00 were ineffectively utilized and virtually all of the $30,000.00 specific exemption should be restored to her for use on her 1958 gift tax return to reduce the deficiency that has been assessed against her for that year.

A short answer is that the tax laws do not so provide. Section 2035 of the Federal Estate Tax Law (26 U.S.C.A. § 2035) requires that "(t)he value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer * * * in contemplation of his death." Complementary to this statute is Section 2012 (26 U.S.C.A. § 2012) wherein it is provided that "(i)f a tax on a gift has been paid * * * and thereafter on the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for purposes of this chapter, then there shall be credited against the * * * (estate tax) * * * the amount of the * * * (gift tax) * * * with respect to so much of the property which constituted the gift as is included in the gross estate * * *." Subsection (c) of the same section includes within the credit allowance the gift tax paid by *both* spouses when the split-gift provisions of Section 2513 (26 U.S.C.A. § 2513) has been utilized and one of them is the deceased donor.

■■ The foregoing sections of the Internal Revenue Code are not unconstitutional. Double taxation, if any, of the transfer is avoided by allowance of a credit for the earlier paid gift tax. The taxes are not always mutually exclusive. The gift tax amounts to a down payment on the estate tax. Smith v. Shaughnessy, 318 U.S. 176, 63 S.Ct. 545, 87 L.Ed. 690 (1943).

Taxpayer argues from a false premise: that including Mr. Ingalls' gift in his estate changes it from an inter vivos gift to a post mortem transfer. Such is not the case. The estate tax law does not change the law of property. Mr. Ingalls' gift remains a gift—it is simply treated *as if* it were a post mortem transfer for estate tax purposes by reason of the statute.

■ Including Mr. Ingalls' $75,000.00 gift in his estate for estate tax purposes has no effect whatsoever upon Mrs. Ingalls' gift of like amount. It was then

and is now an effective inter vivos gift and taxable as such. She effectively used her lifetime $30,000.00 exemption and received the benefit of it. She is not entitled to have it again.

Affirmed.