**Keturah ENGLISH, Individually, and J. C. English, Executor of the Estate of John Patrick English, Deceased, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**PCA 1775.**

United States District Court
N. D. Florida,
Pensacola Division.
April 29, 1968.

T. A. Shell, Pensacola, Fla., for plaintiffs.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for defendant.

## OPINION

ARNOW, District Judge.

This case has been submitted to the Court for final decision without an evidentiary hearing pursuant to order of this Court dated October 27, 1967, wherein it was directed with full consent of the parties that they were to attempt to agree and stipulate to the material facts and file briefs outlining their respective contentions of law based upon the facts as stipulated. The parties have so stipulated, and this decision is based upon the facts as stipulated and the law applicable thereto. Having considered the facts and the briefs of counsel, the court is of the opinion that judgment must be entered against the Plaintiffs and for the Defendant.

It appears from the stipulated facts that John Patrick English made gifts to two of his grandsons in the total amount of $67,798.13 in July, 1961. He died in January, 1962. Gift tax returns for the year 1961 were filed by Plaintiff KETURAH ENGLISH, the widow of John Patrick English, and the estate of John Patrick English, in December, 1962. On this return, an election was made by consent of the parties to utilize the gift-splitting provisions of Section 2513 of the Internal Revenue Code of 1954, and treat the gifts made by John Patrick English as having been made one-half by each spouse. After deducting allowable exclusions and $27,899.06 of the respective lifetime specific exemptions of both MRS. ENGLISH and the ESTATE, no gift tax liability was incurred by either. On the estate tax return, filed April 22, 1963, the July, 1961, gifts were included in the gross estate of John Patrick English (pursuant to § 2035) as transfers presumptively made in contemplation of death.

In 1963, MRS. ENGLISH made further gifts against which she claimed the $30,000 lifetime specific exemption to avoid gift-tax liability. This exemption was disallowed except for $2,100.94 not previously claimed on the December, 1962 return. It is the disallowance of this exemption which MRS. ENGLISH contests in this suit for refund of taxes paid. Alternatively, the estate seeks refund of that portion of the estate tax liability incurred and paid because of the inclusion in the gross estate of the one-half of the 1961 gifts treated as having been gifts of MRS. ENGLISH and against which she applied $27,899.06 of her specific lifetime exemption.

■ The Court is of the opinion that, although the facts in Ingalls v. Commissioner of Internal Revenue, 336 F.2d 874 (CCA 4th, 1964), which affirmed 40 T.C. 751, are not altogether analogous to the instant case, that decision is nevertheless dispositive of the issues presented here. The only significant factual difference between the two cases is that in *Ingalls* only one-half of the total gifts made by the husband treated, for gift tax purposes, as made by both, were included in the gross estate of the husband as transfers made in contemplation of death. Plaintiff in that case contended that since one-half of the total gifts were treated as testamentary transfers for estate tax purposes the gift tax returns should be considered to reflect the remaining one-half as the total inter vivos transfer to which gift tax liability attached. By this process, the plaintiff *Ingalls* attempted to reach the specific exemption restoration doctrine of Katherine Schuhmacher, 8 T.C. 453 (1947). Although the holding of *Ingalls* is founded upon the narrow ground that valid inter vivos gifts are not transformed into testamentary transfers by reason of § 2035, that holding and the reasons and logic supporting it are apposite and persuasive here.

There is no question but that the July, 1961, inter vivos gifts gave rise to gift tax liability. Plaintiff MRS. ENGLISH consented to treating the gifts of her husband as having been made one-half by her, which consent rendered her jointly and severally liable for the discharge of the entire gift tax liability. To avoid gift tax liability she chose to utilize $27,899.06 of her specific lifetime exemption.

The thrust of her complaint here is that she has been denied the *total* use or benefit of $27,899.06 of her specific exemption because the entire gift was included in her deceased husband's gross estate, since presumptively made in contemplation of death. However, Plaintiff here, as in *Ingalls,* has shown the Court no provision of the Internal Revenue Code, and none exists, which exempts from gift tax liability a completed inter vivos gift because such gift was made in contemplation of death.

■■ Section 2035 directs that "the gross estate *shall* include the value of all property to the extent of *any interest* therein of which the decedent" has made a transfer in contemplation of death. (Emphasis added.) Section 2012 allows a credit against the estate tax payable for any gift tax paid upon transfers later determined to have been made in contemplation of death and included in the donor's estate. Sub-paragraph (c) of § 2012 extends the gift tax credit to taxes paid by the donor's spouse under the provisions of § 2513. Patently, under these sections, property which is the subject of a valid inter vivos gift may be *treated* as testamentary for estate tax purposes, and may be included in the decedent's gross estate notwithstanding the split gift treatment of § 2513. Although § 2012 allows credit for gift taxes paid, the method of computing that credit does not provide for the reinstatement of any portion of a deduction for a specific exemption used in connection with a gift of property which is later included in a decedent's estate. Plaintiff, MRS. ENGLISH, has cited to the Court no decision supporting her position; in light of *Ingalls* and the foregoing IRC provisions, this Court is unable to conclude that her claim is legally meritorious. As the Court of Appeals responded to the similar contention of Mrs. Ingalls, the "short answer is that the tax laws do not so provide." (*Ingalls,* supra, 336 F.2d at page 876.) Nor are the sections of the Code here applicable unconstitutional. (*Ingalls,* supra.)

Therefore, the specific exemption restoration doctrine of Katherine Schuhmacher, supra, and Schmidlapp v. Commissioner, 43 BTA 829, upon which MRS. ENGLISH relies, do not aid her. Those cases allowed restoration of the gift-tax exemption upon, and only upon, the basis that gifts were not in fact made in the earlier year to the extent that the exemption was applied in those years. That is not here the case. MRS. ENGLISH here consented to the split-gift election, and because she did so, she was unquestionably liable for the tax on one-half of the inter vivos gifts of 1961.

■ Moreover, the alternative claim of the ESTATE for a refund of the estate taxes incurred by including in the gross estate that part of the 1961 gifts considered as having been made by MRS. ENGLISH is also without legal foundation. As stated before, the clear mandate of § 2035 is that property transferred in contemplation of death shall be included in the donor decedent's gross estate. The Court has neither been cited to authority nor has independent research disclosed any which would overcome the clear legislative intent expressed in that section.

Judgment in this case must be entered in favor of the Defendant, UNITED STATES OF AMERICA, and against the Plaintiffs, KETURAH ENGLISH and J. C. ENGLISH, Executor of the Estate of John Patrick English, deceased, and this cause must be dismissed at Plaintiffs' cost, with costs to be taxed and judgment entered by the Clerk against the Plaintiffs.

Judgment will be entered in accordance with this opinion.