ANNE E. NORAIR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4092-74.    Filed February 10, 1976.

*Louis H. Diamond,* for the petitioner.
*Robert E. Dallman,* for the respondent.

OPINION

STERRETT, *Judge:* Respondent determined a deficiency in petitioner's gift tax liability for the calendar year 1970 in the amount of $1,691.05.

The sole issue for our determination is whether petitioner is entitled to the restoration of the portion of her specific gift tax exemption, which she claimed and was allowed when she reported one-half of her late husband's gifts as having been made by her, by reason of the inclusion of said gifts in his estate as gifts in contemplation of death.

The case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioner is an individual with a legal residence at the time of filing of the petition herein at Landover, Md. Her Federal gift tax return for the calendar year 1970 was timely filed with the District Director of Internal Revenue, Baltimore, Md.

In 1957 petitioner's husband made gifts totaling $20,000. Pursuant to section 2513, I.R.C. 1954,[1] petitioner duly consented on her timely filed Federal gift tax return for 1957 to have the gifts made by her husband considered as made one-half by him and one-half by her. On this gift tax return, petitioner used $4,000 of her specific exemption.

In 1960 petitioner's husband made gifts of $33,805.78. Pursuant to section 2513, petitioner duly consented on her timely filed Federal gift tax return for 1960 to have the gifts made by her husband considered as made one-half by him and one-half by her. On this gift tax return, petitioner used $1,981.88 of her specific exemption.

In 1961 petitioner's husband made gifts totaling $52,200. Pursuant to section 2513, petitioner again duly consented, on her timely filed Federal gift tax return for 1961, to have the gifts made by her husband considered as made one-half by him and one-half by her. On this gift tax return, petitioner used $8,100 of her specific exemption.

Petitioner's husband died on April 12, 1961. Pursuant to section 2035, the gifts made by him within 3 years of his death were included in his estate and an estate tax was paid thereon.

In 1970, the year in question, petitioner made gifts of $77,111.58. On her Federal gift tax return, she claimed the full specific exemption, $30,000, as being allowable under section 2521.

Respondent determined a deficiency in petitioner's gift tax liability for the year 1970 on the ground that she was not entitled to the full $30,000 since she had previously used $14,081.88 of said exemption. By his arithmetic petitioner is only entitled to an exemption of $15,918.12. Petitioner contends

---

[1] All statutory references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

that, in view of the fact that the 1960 and 1961 gifts were included in her husband's estate and that a tax was paid thereon, her exemptions claimed with respect to said gifts were not effectively availed of and consequently should be restored to her. She claims entitlement to an exemption of $26,000.[2]

This precise question presented herein is not simply resolved. There is obviously at least surface appeal to petitioner's argument, but we must decide whether it can be squared with the statutory provision involved.

Section 2521 provides as follows:

SEC. 2521. SPECIFIC EXEMPTION.

In computing taxable gifts for a calendar quarter, there shall be allowed as a deduction in the case of a citizen or resident an exemption of $30,000, *less the aggregate of the amounts claimed and allowed as a specific exemption* in the computation of gift taxes for the calendar year 1932 and all calendar years and calendar quarters intervening between that calendar year and the calendar quarter for which the tax is being computed under the laws applicable to such years or calendar quarters. [Emphasis added.]

Section 25.2521-1, Income Tax Regs., promulgated with respect to section 2521 states in relevant part:

Sec. 25.2521-1. Specific exemption. * * * The exemption, at the option of the donor, may be taken in the full amount of $30,000 in a single calendar quarter or calendar year, or be spread over a period of time in such amounts as the donor sees fit, but after the limit has been reached no further exemption is allowable. * * *

The heart of petitioner's argument is that respondent's inclusion of the 1960 and 1961 gifts in her husband's gross estate rendered the portion of her specific exemption claimed (and allowed) with respect to these gifts ineffectual because the estate did not receive a section 2012 [3] credit for gift tax attributable to

---

[2] On brief petitioner has conceded that her use of $4,000 of her exemption with respect to the 1957 gift was effective since that gift was not included in her husband's estate.

[3] SEC. 2012. CREDIT FOR GIFT TAX.

(a) IN GENERAL.—If a tax on a gift has been paid under chapter 12 (sec. 2501 and following), * * * and thereafter on the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for purposes of this chapter, then there shall be credited against the tax imposed by section 2001 the amount of the tax paid on a gift under chapter 12, * * * with respect to so much of the property which constituted the gift as is included in the gross estate, * * *
* * *

(c) Where the decedent was the donor of the gift but, under the provisions of section 2513, or corresponding provisions of prior laws, the gift was considered as made one-half by his spouse—

(1) the term "the amount of the tax paid on a gift under chapter 12", as used in subsection (a), includes the amounts paid with respect to each half of such gift, the

that portion of these gifts considered to have been given by her. Hence, petitioner urges that the specific exemptions claimed on her 1960 and 1961 gift tax returns should be disregarded in determining, under section 2521, the amount of the specific exemption she is entitled to claim on her 1970 return. We do not agree.

Petitioner's gift tax returns for 1960 and 1961 showed total taxable gifts in the amounts of $1,981.88 and $8,100 respectively, prior to the deductions for the specific exemption. Both returns showed taxable gifts of $0 after such deductions were taken. Manifestly, the exemptions claimed on these returns obviated a liability for gift tax that petitioner would have otherwise incurred. That the liability would only have accrued by reason of petitioner's gratuitous act in having one-half of her husband's gifts considered as coming from her does not alter the fact that her consent, freely given, made her a potential taxpayer.

Furthermore, we deem immaterial the fact that the estate of petitioner's husband obtained no credit under section 2012 in respect of the 1960 and 1961 gifts since petitioner and her husband's estate are different taxpayers. Additionally, it is obvious that the sole reason for the absence of such credit is the absence of any gift tax liability on the part of petitioner for the gifts in question. If anything, the absence of such liability, and therefore the credit, is a clear reflection and direct result of the benefit that flowed to petitioner from the claimed exemptions.[4]

Petitioner also relies on the case of *Kathrine Schuhmacher,* 8 T.C. 453 (1947), wherein we held that claiming a deduction for a specific gift tax exemption in a year in which no valid gift was in fact made, does not prohibit the use of the specific exemption in a subsequent year in which a valid gift is made. She argues that respondent's act of including the entire value of the gifts in her husband's estate compels a finding that she in fact made no gifts

amount paid with respect to each being computed in the manner provided in subsection (d); * * *

[4] More fundamentally, petitioner's argument appears inherently erroneous. Petitioner concedes that had the gifts produced a gift tax and an estate tax credit she would have received full beneficial use of her exemption. However, it is obvious that a sec. 2012 credit is attributable only to the value of the gift in excess of the exemption. We fail to see why the $30,000 exemption is fully availed of when the amount of the gift is $35,000 (after the annual exclusion) and yet, as petitioner contends, is of no benefit, whatsoever, when the amount of the gift is $30,000 (after the annual exclusion), since the gift tax and the credit are solely attributable in the first case to the last $5,000 of the gift. In both cases it is clear that no credit is derived from the first $30,000 of the gift.

in 1960 and 1961, and cites in support of this argument a part of the legislative history of section 2012(c), which reads: "The principal effect of this provision is to allow the estate of a decedent who was the *actual donor* of the gift a gift tax credit with respect to the entire gift." (S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), 1948-1 C.B. 349. Emphasis added by petitioner.) Thus, she urges us to conclude that she is entitled to have the exemptions claimed on her 1960 and 1961 gift tax returns restored.

We agree that if, in fact, petitioner made no gifts in 1960 and 1961 she would be entitled to a restoration of the portions of the specific exemption claimed on her gift tax returns for those years. *Kathrine Schuhmacher, supra.* However, the fallacy in petitioner's argument lies with the very premise that she did not make gifts in those years.

Section 2513, in pertinent part, provides:

SEC. 2513. GIFT BY HUSBAND OR WIFE TO THIRD PARTY.
(a) CONSIDERED AS MADE ONE-HALF BY EACH.—
(1) IN GENERAL.—A gift made by one spouse to any person other than his spouse shall, for the purposes *of this chapter,* be considered as made one-half by him and one-half by his spouse * * *
(2) CONSENT OF BOTH SPOUSES.—Paragraph (1) shall apply only if both spouses have signified (under the regulations provided for in subsection (b)) their consent to the application of paragraph (1) in the case of all such gifts made during the calendar quarter by either while married to the other. [Emphasis added.]

It is undisputed that petitioner properly consented to have her husband's 1960 and 1961 gifts treated, for purposes of the gift tax chapter, as having been made one-half by her. Therefore, unless the inclusion of these gifts in her husband's estate transformed them into gifts causa mortis, we find no basis for holding that the gifts given by petitioner's husband, one-half of which are considered given by petitioner, were not completed inter vivos gifts in 1960 and 1961.

In *Rachel H. Ingalls,* 40 T.C. 751 (1963), affd. 336 F. 2d 874 (4th Cir. 1964), the taxpayer reported on her gift tax return one-half of the gifts (in the amount of $150,000) made by her husband, $75,000 of which were subsequently included in his estate pursuant to section 2035. The taxpayer therein argued that her consent under section 2513 was inapplicable to the value of the gifts included in her husband's estate and that she was entitled to a restoration of a portion of her specific exemption

pursuant to our decision in *Kathrine Schuhmacher, supra.* In rejecting this argument we stated:

Stripped to its bare essentials petitioner's contention here is that in legal effect her husband's total gifts subject to gift tax in 1947 were only $75,000 and her one-half, $37,500, even though she seeks to disguise this argument by referring to an "ineffectual" use of her specific exemption. If, in fact, petitioner only had $37,500 of gifts in 1957, she would be correct that there would remain for her under the decision in *Kathrine Schuhmacher, supra,* $20,500 of her specific exemption for use in 1958.

We see no basis for holding that the entire $150,000 given by petitioner's husband in 1957 did not constitute completed *inter vivos* gifts subject to gift tax. * * * [*Rachel H. Ingalls, supra* at 755.]

Essentially, petitioner's argument with respect to the restoration doctrine is no different than that advanced by the taxpayer and rejected by us in *Rachel H. Ingalls, supra.* We adhere to our decision in that case and hold that petitioner, by reason of her section 2513 consent, made valid gifts in 1960 and 1961 thereby making *Kathrine Schuhmacher, supra,* distinguishable from the instant case. See also *English v. United States,* 284 F. Supp. 256 (N.D. Fla. 1968).

Moreover, petitioner's reliance upon the aforenoted Senate report is also misplaced. The quoted passage merely makes clear that the estate tax credit attributable to the gift tax upon the transfer is to be taken solely by the estate of the spouse who was the actual donor, and not by the estate of the other spouse. In other words the estate tax provisions ignore the gift-splitting provision in determining which spouse's estate is entitled to the credit for the gift tax paid. Thus, although the gift tax and the estate tax provisions are to an extent related, their interplay is not such as to alter the fact that, for purposes of the gift tax chapter, petitioner's section 2513 consent made her the donor of one-half of the gifts made by her husband.

The fact of the matter is that the execution of the aforenoted consent was based upon neither a mistake of law nor a misunderstanding of the then-existing facts. That subsequent events prevented the anticipated tax advantages from occurring cannot alter this basic fact and is, indeed, beside the point. In effect what petitioner is attempting to do through the instant proceedings is amend her gift tax returns for 1960 and 1961 by revoking the consents contained thereon. Such course of conduct, however, is expressly prohibited by section 2513(c) and we refuse

to give our approval thereto. Cf. *Jack R. Goldstone,* 65 T.C. 113 (1975).

*Decision will be entered for the respondent.*